**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leonires BRAVO–BUCIO,**
**Defendant–Appellant.**

**No. 14–10502.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2016.*

Filed April 18, 2016.

Brett Allen Day, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

*See* Fed. R.App. P. 34(a)(2).

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michele R. Moretti, Esquire, Law Office of Michele R. Moretti, Lake Butler, FL, for Defendant–Appellant.

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Leonires Bravo–Bucio appeals his guilty-plea conviction and 41–month sentence for reentry of a removed alien, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Bravo–Bucio's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw.

Having independently reviewed the record, we are unable to determine whether the district court accepted the parties' binding plea agreement. *See* Fed. R.Crim.P. 11(c)(1)(C). The court never stated whether it was accepting or rejecting the agreement. *See United States v. Heredia*, 768 F.3d 1220, 1227 (9th Cir. 2014). Furthermore, when the court initially calculated the Guidelines range, it did not include the one-level early disposition departure to which the parties stipulated. Although it granted a one-level departure later in the sentencing hearing, it is not clear from the record whether that departure was intended to reflect the stipulated early disposition departure or a downward variance. If the court intended to accept the parties' agreement and vary downward one level from the stipulated range, it would have arrived at a Guidelines range of 37–46 months, rather than the 41–51 month range calculated by the court. Given the possibility that this is what the court intended, and that a lower "starting point" may have resulted in a lower sentence, we vacate and remand. *See United States v. Munoz–Camarena*, 631 F.3d 1028, 1030–31 (9th Cir.2011). On remand, the district court shall state whether it accepts or rejects the plea agreement and proceed accordingly. *See* Fed.R.Crim.P. 11(c)(4)-(5).

Counsel's motion to withdraw is **GRANTED.** The district court shall appoint new counsel for Bravo–Bucio on remand.

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).